```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CLARISSE BENNETT,                                 :
                           Plaintiff,             :
                                                  :
v.                                                :      OPINION AND ORDER
                                                  :
DUTCHESS COUNTY, NEW YORK;                        :      17 CV 7516 (VB)
DETECTIVE FRANK LETIZIA; SHERIFF                  :
ADRIAN "BUTCH" ANDERSON; and                      :
DETECTIVE JAMES DANIELS,                          :
                           Defendants.            :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Clarisse Bennett brings this action under 42 U.S.C. § 1983 against defendants Dutchess County, Detective ("Det.") Frank Letizia, Sheriff Adrian "Butch" Anderson, and Det. James Daniels, alleging defendants confiscated certain firearms in violation of her constitutional rights under the Fourth and Fourteenth Amendments.[1]

Before the Court are defendants' motion for summary judgment (Doc. #31) and plaintiff's cross-motion for summary judgment (Doc. #37).

For the reasons set forth below, defendants' motion is GRANTED, and plaintiff's motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff initially claimed defendants also violated her First and Second Amendment rights and conspired to violate her constitutional rights. In her cross-motion for summary judgment, however, plaintiff affirmatively withdrew her claims under the First and Second Amendments and her claims against Sheriff Anderson. (Doc. #39 ("Pl. Opp.") at 1 n.1). Further, plaintiff fails to defend her conspiracy claims, and thus those claims are deemed abandoned and dismissed. Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014).

1

**BACKGROUND**

The parties have submitted briefs, affidavits and declarations with supporting exhibits, and statements of material fact pursuant to Local Civil Rule 56.1, which reflect the following factual background.

Plaintiff and her husband Kelvin Bennett reside in Poughkeepsie, New York, in Dutchess County. In 2016, they jointly owned at least ten pistols and ten long guns.[2] Mr. Bennett individually owned an AK-47 semi-automatic rifle. Both plaintiff and Mr. Bennett held pistol permits issued by Dutchess County for the firearms that required a license. Plaintiff is a certified National Rifle Association ("NRA") pistol safety instructor.

The Bennetts stored their firearms in a bedroom closet locked with a combination padlock, and inside the closet, many of the weapons were further locked in a safe that could only be opened with a key. Some of the weapons, but not all, also had trigger locks. Plaintiff and her husband each had the combination to the closet and the key to the safe and trigger locks.

In August 2016, Mr. Bennett pleaded guilty to driving while intoxicated with a minor in his car in violation of N.Y. Vehicle and Traffic Law § 1192(2-a)(b), a Class E felony under state law punishable by more than one-year imprisonment. Id. § 1193(1)(c)(i)(B). He was sentenced to five years' probation.

Both federal and New York law prohibit a person convicted of a felony from possessing a firearm. See 18 U.S.C. § 922(g)(1) (federal law); N.Y. Penal Law § 265.01(4) (New York law). As relevant here, New York law also prohibits an individual who resides with a convicted felon from possessing firearms unless the individual ensures the convicted felon cannot access the

---

[2]   Plaintiff also claims she individually owns a Mark III Target pistol. However, records of the pistol's purchase indicate both plaintiff and her husband purchased and owned the pistol. (Doc. #42-1).

2

firearms by, for example, storing the firearms in a safe or other storage container with a combination lock or key to which the felon has no access. See N.Y. Penal Law § 265.45 (also known as the "Safe Storage Act").

In addition to the state and federal prohibition on Mr. Bennett's possession of any firearm, on October 5, 2016, the Dutchess County Court issued an order of revocation, revoking Mr. Bennett's pistol license.

On October 7, 2016, two deputies from the Dutchess County Sheriff's Office contacted Mr. Bennett to arrange for the confiscation of Mr. Bennett's firearms. When the deputies arrived, the Bennetts were cooperative. Mr. Bennett showed them where the firearms were stored and unlocked the closet and interior safe. There was no conversation about plaintiff's interest in the weapons. The deputies inventoried the firearms, leaving Mr. Bennett a receipt, and left.

On March 13, 2017, plaintiff claims she called the Sherriff's Office to inquire about the return of her firearms. According to plaintiff, Det. Letizia said "guns cannot live with felons"—essentially implying plaintiff could only recover the firearms if she did not live with her husband. (Doc. #38-3 ("Pl. Dep.") at 44–45). According to Det. Letizia, he and plaintiff never had such a conversation or ever spoke on the telephone.

On May 30, 2017, plaintiff's counsel sent a letter to Sheriff Anderson, Det. Daniels, and Det. Letizia requesting the return of plaintiff's firearms. Defendants did not return the firearms.

On October 2, 2017, plaintiff filed this action.

On November 18, 2017, upon the advice of her attorney, plaintiff purchased a $1,200 safe that could safely store all twenty firearms.

In December 2017, Det. Letizia learned plaintiff purchased a safe and he inspected it at her home. Several days later, plaintiff was permitted to pick up her firearms from the Sheriff's Office.

## DISCUSSION

I. Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Id.

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The

non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). The Court need only consider evidence that would be admissible at trial. Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.    Fourth Amendment Claim

Defendants argue they are entitled to summary judgment on plaintiff's Fourth Amendment claim because the Fourth Amendment does not protect against the government's failure to return lawfully seized property.

The Court agrees.

The Fourth Amendment prohibits unreasonable seizures. "A seizure occurs when there is some meaningful interference with an individual's possessory interest in his or her property." United States v. Jacobsen, 466 U.S. 109, 113 (1984) (internal quotation marks omitted). However, when an individual freely consents to the surrender of her property after an officer's

lawful entry, such a seizure is reasonable. Kaminsky v. Schriro, 760 F. App'x 69, 72 (2d Cir. 2019) (summary order).

Furthermore, the government's failure to return lawfully seized property is not an unreasonable seizure under the Fourth Amendment. Shaul v. Cherry Valley-Springfield Cent. Sch. Dist., 363 F.3d 177, 187 (2d Cir. 2004). In other words, the government's continued retention of property does not constitute an additional seizure or transform a lawful seizure into an unlawful one. Malapanis v. Regan, 335 F. Supp. 2d 285, 291 (D. Conn. 2004) (citing Fox v. Van Oosterum, 176 F.3d 342, 351 (6th Cir. 1999)).

Plaintiff concedes the initial seizure of the jointly owned licensed firearms was lawful—the deputies consensually entered the Bennetts' home at a prearranged time carrying the Dutchess County Court's order of revocation. Therefore, under well-settled Circuit precedent, plaintiff has no Fourth Amendment claim against defendants for retaining those lawfully seized firearms.

The seizure of the unlicensed long guns was also lawful, even though the long guns were not within the scope of the order of revocation. Neither plaintiff nor Mr. Bennett dispute that they consented to the deputies' seizure of the guns. Even if the Bennetts had objected, the deputies could have seized the firearms in plain view as contraband, because as a convicted felon, Mr. Bennett was prohibited under federal and state law from possessing any firearms. See Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). Under those circumstances, the deputies' seizure of all the firearms, including the long guns, was lawful. Because the seizure was lawful, defendants' failure to return those firearms therefore cannot constitute a Fourth Amendment violation.[3]

---

[3] Plaintiff also argues the seizure of the Mark III Target pistol was improper because she owned it individually. However, the evidence shows the gun was jointly owned by plaintiff and

Accordingly, defendants are entitled to summary judgment on plaintiff's Fourth Amendment claim, and plaintiff's cross-motion is denied.

III. Fourteenth Amendment Claim

Plaintiff creatively argues that when defendants learned she had an ownership interest in the firearms, their failure to inform her of the Safe Storage Act or how to comply with it violated her Fourteenth Amendment right to procedural due process.

The Court is not persuaded.

The Fourteenth Amendment commands that "[n]o State shall . . . deprive any person of . . . property, without due process of law." U.S. Const. amend. XIV. "The touchstone of due process, of course, is 'the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" Spinelli v. City of New York, 579 F.3d 160, 169 (2d Cir. 2009) (internal parentheses in original) (quoting Mathews v. Eldridge, 424 U.S. 319, 348–49 (1976)). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Dusenbery v. United States, 534 U.S. 161, 168 (2002) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). Notice "must set forth the alleged misconduct with particularity," although "[t]he particularity with which alleged misconduct must be described varies with the facts and circumstances of the individual case." Spinelli v. City of New York, 579 F.3d at 172.

To provide constitutional due process, law enforcement agencies are not required to provide detailed and specific instructions on available state law remedies to property owners who

---

her husband. Furthermore, even assuming it was not owned by Mr. Bennett, its seizure was reasonable and lawful for the same reason that the long guns were reasonably and lawfully seized—state and federal laws prohibited Mr. Bennett from possessing any firearm.

7

seek the return of lawfully seized property.  See City of W. Covina v. Perkins, 525 U.S. 234, 241 (1999).  Individuals have a responsibility to educate themselves about the law.  To be sure, "[t]he entire structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny."  Atkins v. Parker, 472 U.S. 115, 131 (1985).  State law remedies "are established by published, generally available state statues and case law."  City of W. Covina v. Perkins, 525 U.S. at 241.  "Once the property owner is informed that his property has been seized, he can turn to these public sources to learn about the remedial procedures available to him."  Id.

  Here, due process did not require defendants, upon learning in March or May 2017 of plaintiff's ownership interest in the firearms, to give plaintiff some additional notice about the Safe Storage Act.  Plaintiff concedes she was given due process when the firearms were seized in October 2016.  She and her husband had advance notice of the confiscation of their firearms.  They knew who took them and why.  They had a receipt listing every weapon confiscated.  And, they knew whom to contact for the return of their firearms.  Due process demanded no more.

  The reason defendants had confiscated the firearms had not changed.  Mr. Bennett was still a convicted felon, and a court order and state and federal laws continued to prohibit his possession of firearms.  Cf. Panzella v. Sposato, 863 F.3d 210, 217 (2d Cir. 2017) (finding due process required a post-deprivation hearing regarding the return of plaintiff's long guns after the temporary order of protection against her was dismissed).  Plaintiff's newly asserted ownership interest did not outweigh the criminal statutes prohibiting her husband's possession of the firearms or call for their immediate return.  See Prop. Clerk of Police Dep't of City of New York v. Harris, 9 N.Y.3d 237, 249 (2007) ("The authority of the government to confiscate property even if that property is owned in whole or part by an innocent owner is well settled.").

8

Due process certainly did not require defendants, upon learning of plaintiff's ownership interest in the firearms, to explain to plaintiff how she could comply with the Safe Storage Act in order to recover her firearms. The Supreme Court has held law enforcement officers have no duty to provide instruction on remedial procedures under state law, like filing a motion to recover seized property. City of W. Covina v. Perkins, 525 U.S. at 241. While the Safe Storage Act is a statute, not a remedial procedure, the same rationale applies here. The Safe Storage Act is a published and readily available state law, and plaintiff is charged with knowledge of that law. Indeed, plaintiff, a certified NRA safety instructor, could have turned to any number of sources to educate herself about the law. She could have looked up state gun laws online, asked fellow gun owners, consulted the NRA's website, spoken to her husband's criminal defense attorney, or, as she ultimately did, engage her own attorney. In fact, when plaintiff finally complied with the Safe Storage Act, the Sheriff's Office promptly inspected her safe and provided for the return of her firearms.

Accordingly, defendants are entitled to summary judgment on plaintiff's Fourteenth Amendment procedural due process claim, and plaintiff's cross-motion is denied.

IV.     Monell Claim

As plaintiff has not adequately demonstrated an underlying violation of her constitutional rights, her claim pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), is dismissed. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).

**CONCLUSION**

Defendants' motion for summary judgment is GRANTED.

Plaintiff's cross-motion for summary judgment is DENIED.

The Clerk is instructed to terminate the motions (Docs. ##31, 37) and close this case.

Dated: July 8, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge